99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
The AUBURN INNER CITY PRISON BRANCH OF the NATIONAL
ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE;
Baba Omowale Shange, a/k/a George Eng;
and Ronald Kitchen,
Plaintiffs-Appellants,
v.
Thomas COUGHLIN, Commissioner, Department of Correctional
Services; Donald Selsky, Coordinator of Inmate Disciplinary
Programs, Department of Correctional Services; Robert
Henderson, Superintendent of Auburn Correctional Facility;
Eugene Anderson, Captain, Auburn Correctional Facility; and
Philip Mooney, Correction Officer, Auburn Correctional
Facility, Defendants-Appellees.
 No. 94-2720.
 United States Court of Appeals, Second Circuit.
 Dec. 14, 1995.
 
 1
 Betsy Hutchings, Prisoners' Legal Services, Ithaca, NY, for appellant.
 
 
 2
 Martin A. Hotvet, Ass't Att'y Gen'l of NY, Albany, NY, for appellee.
 
 
 3
 N.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before McLAUGHLIN, LEVAL, Circuit Judges, and PARKER, District Judge.*
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued.
 
 
 7
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 8
 Ronald Kitchen, an inmate at the Auburn Correctional Facility, made a speech at the annual Special Event of the Auburn Inner City Prison Branch of the NAACP. The speech included certain statements that prison officials viewed as inflammatory. Kitchen was charged with disturbing the order of the facility and engaging in conduct involving the threat of violence, in violation of prison regulations. See N.Y. Comp.Codes R. & Regs. tit. 7 §§ 270.2(B)(5)(ii), 270.2(B)(5)(iv) (1994) (codifying current version of regulations). After a hearing, he was found guilty of the charges, and was confined to 120 days in the Special Housing Unit ("SHU"), with 60 days suspended. He administratively appealed, and the determination was affirmed. Kitchen was subsequently transferred to another prison.
 
 
 9
 Kitchen filed suit in the Northern District of New York, pursuant to 42 U.S.C. § 1983, alleging that certain prison officials violated his Due Process and First Amendment rights (Munson, J.). By consent of the parties, the case was referred to Magistrate Judge Gustave J. Di Bianco. After a bench trial, Magistrate Judge Di Bianco found for defendants. Kitchen appeals, arguing that defendants deprived him of his due process and free speech rights by: (1) failing to give him a fair and impartial hearing and withholding exculpatory evidence; and (2) confining him in the SHU and transferring him to another prison based on his speech.
 
 
 10
 We affirm for substantially the same reasons stated in Magistrate Judge Di Bianco's comprehensive Memorandum Decision and Order, dated November 9, 1994. See also Sandin v. Conner, 115 S.Ct. 2293 (1995).
 
 
 11
 We have fully considered all other claims advanced on this appeal and find them to be without merit.
 
 
 12
 The decision of the district court is AFFIRMED.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation